[Cite as *All Type Demolition & Excavating L.L.C. v. DiBenedetto*, 2016-Ohio-629.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ALL TYPE DEMOLITION &
EXCAVATING LLC

    Appellant

    v.

DAVID DIBENEDETTO, et al.

    Appellees

C.A. No.    14CA010653

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CV178275

DECISION AND JOURNAL ENTRY

Dated: February 22, 2016

CARR, Judge.

{¶1} Appellant, All Type Demolition & Excavating, LLC, appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of appellees Tony and David DiBenedetto. This Court reverses and remands.

I.

{¶2} This matter concerns a business agreement to demolish a retail shopping center. The terms of the agreement arose out of a part-written, part-oral contract. Dissatisfied with the results of the business deal, All Type filed a complaint against the DiBenedettos and Sparky Development Company LTD, alleging claims for breach of contract, promissory estoppel, unjust enrichment, spoliation of evidence, and fraudulent conveyance. The DiBenedettos filed separate motions for summary judgment, each arguing that he was not liable on the contract either because he did not sign the written contract or did not sign in his individual capacity. In its opposition to the motions for summary judgment, All Type noted that the DiBenedettos neither

addressed the oral contract nor any other claim beyond breach of contract. In response, the DiBenedettos made no arguments regarding the other claims, and only asserted that the parol evidence rule would bar any prior or contemporaneous oral or written agreements.

{¶3} By separate entries without articulation of any analysis, the trial court granted summary judgment in favor of both Tony and David DiBenedetto on all claims and dismissed them as parties from the case. All Type obtained leave to file a motion for reconsideration and did so. The DiBenedettos jointly opposed the motion for reconsideration, mentioning all the claims in All Type's complaint, but either declining to make any argument in regard to them or failing to append any evidence in support of their arguments. All Type replied, noting in part that the DiBenedettos did not contest their failure to address all claims in their motions for summary judgment. The trial court summarily denied All Type's motion for reconsideration without analysis. It later certified the interim order granting judgment in favor of fewer than all defendants for appeal pursuant to Civ.R. 54(B), finding that there was no just reason for delay. *See Jones v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21724, 2004-Ohio-2821, ¶ 7. All Type filed a timely appeal, raising two assignments of error for review.

II.

## <u>ASSIGNMENT OF ERROR I</u>

> THE TRIAL COURT ERRED TO THE PREJUDICE OF [ALL TYPE] BY GRANTING SUMMARY JUDGMENT TO [THE DIBENEDETTOS] ON ALL OF [ALL TYPE'S] CAUSES OF ACTION, EVEN THOUGH [THE DIBENEDETTOS] MOVED FOR SUMMARY JUDGMENT ON ONLY ONE OF [ALL TYPE'S] CAUSES OF ACTION.

{¶4} All Type argues that the trial court erred by granting summary judgment in favor of the DiBenedettos on all claims where the defendants failed to move for judgment on all claims. This Court agrees.

{¶5}    This Court has repeatedly held that "it is axiomatic that the trial court may not grant summary judgment in regard to any claim, where a party has not moved for judgment in regard to that claim." *St. Croix, Ltd. v. Damitz*, 9th Dist. Summit Nos. 25629, 25630, 2012-Ohio-1325, ¶ 12, quoting *Rowe v. Striker*, 9th Dist. Lorain No. 07CA009296, 2008-Ohio-5928, ¶ 7, quoting *Urda v. Buckingham, Doolittle & Burroughs*, 9th Dist. Summit No. 22547, 2005-Ohio-5949, ¶ 13.  As the DiBenedettos failed to argue or present any evidence in support of their motions for summary judgment on All Type's claims for promissory estoppel, unjust enrichment, spoliation of evidence, and fraudulent conveyance, the trial court erred by granting judgment in their favor on those claims.  All Type's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF [ALL TYPE] BY GRANTING SUMMARY JUDGMENT TO [THE DIBENEDETTOS] ON [ALL TYPE'S] BREACH OF CONTRACT CLAIMS BECAUSE THERE ARE MATERIAL FACTS IN DISPUTE IN THE RECORD UPON WHICH A JURY COULD REASONABLY FIND THAT [THE DIBENEDETTOS] WERE PARTIES TO AND BREACHED THE DEMOLITION CONTRACT.

{¶6}    All Type argues that the trial court erred by granting summary judgment in favor of the DiBenedettos on All Type's claim alleging breach of contract.  This Court agrees.

{¶7}    This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.  *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8}    Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶11} In this case, All Type alleged that the parties had entered into both written and oral contracts. In their motions for summary judgment, the DiBenedettos addressed only one written contract, arguing that they were not parties to that contract in their individual capacities. In its opposition, All Type appended the affidavit of Kitty Meszes, the owner of All Type, who averred that the parties entered into two written contracts for demolition, both of which lapsed by

their terms, and one subsequent oral contract under which All Type performed before being ejected from the property. In reply, the DiBenedettos did not argue or present any evidence that they did not breach the first written contract or the oral contract. Instead, they merely asserted that any "prior or contemporaneous" oral agreement would be barred by the parol evidence rule. The DiBenedettos did not address the discrete, subsequent oral agreement alleged to have been made after the two prior written contracts lapsed by their terms. As the DiBenedettos failed to address all contracts implicated by All Type's claim for breach, the trial court erred by granting summary judgment in their favor on that claim. *See St. Croix* at ¶ 12.

{¶12} Moreover, to the extent that the DiBenedettos discussed the second written contract, All Type presented Civ.R. 56(C) evidence, specifically the affidavit of the owner of the company, that its agent entered into that contract with the DiBenedetto brothers in their individual capacities, rather than solely with Sparky Development. Accordingly, the trial court erred by granting summary judgment in favor of the DiBenedettos on the claim of breach of contract. All Type's second assignment of error is sustained.

III.

{¶13} All Type's first and second assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TIMOTHY A. SHIMKO, Attorney at Law, for Appellant.

KENNETH P. FRANKEL, Attorney at Law, for Appellees.